IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHERIKA TOWNSEND, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | |
| ] | CV-06-BE-1516 |
| JEFFERSON COUNTY, *et al.*, ] | |
| ] | |
| Defendants ] | |
| ] | |
| ] | |
| ] | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on Defendant Jefferson County's Motion to Dismiss (Doc. 43), which has been fully briefed by both parties. For the reasons outline below, the court finds Defendant's motion is due to be GRANTED in part and DENIED in part.

I.   FACTS

Plaintiff has sued Jefferson County, Sheriff Mike Hale, Deputy Chief J. Paul Costa, jailer Arlene Chambers, jailer Brandy Gosha Daniels, and nurse Sally Langston for a variety of federal and state claims. The following facts are as stated in Plaintiff's Complaint. Plaintiff Sherika Townsend was incarcerated in the Jefferson County Jail on or about September 24, 2004. Upon arrival and processing, she informed the jail personnel that she was pregnant. After Plaintiff was placed in a cell, she began to experience abdominal pain of increasing severity and began spotting. Plaintiff and fellow inmates informed the jail guards numerous times of her pain and

symptoms, and repeatedly requested help and pressed the panic button in their cell. Defendants Daniels and Chambers ignored their cries for help and Defendant Langston (a nurse at the jail) delayed seeing Plaintiff for an extended period of time. When Defendant Langston finally saw Plaintiff, she was verbally abusive and dismissed Plaintiff's pleas for help. More than eight hours after Plaintiff first requested medical attention, a deputy found Plaintiff on a commode with her baby partially born. Only then was Plaintiff taken to the Cooper Green Hospital where the baby was delivered stillborn.

Plaintiff has specifically identified Defendant Jefferson County in the following claims: "Count I – Fourth and Fourteenth Amendment, Deliberate Indifference"[1]; "Count III – Fourteenth Amendment, Inadequate Medical Treatment"; "Count V – Fourteenth Amendment, Pattern and Practice of Inadequate Staffing"; "Count VI – Wrongful Death of Viable Unborn Child"; "Count VII – Fourteenth Amendment, Failure to Train and Supervise"; "Count VIII – Negligence"; "Count IX – Negligent Infliction of Emotional Distress"; and "Count X – Outrage."

Defendant Jefferson County seeks (1) dismissal of Plaintiff's federal claims with prejudice because it argues it is not a proper state actor subject to liability under 42 U.S.C. § 1983; and (2) dismissal of Plaintiff's state claims without prejudice for Plaintiff to file them in state court.

---

[1] Although Plaintiff did not specifically identify 42 U.S.C. § 1983 as the vehicle for her constitutional claims, Defendant assumed her federal claims to be brought under § 1983. Because no direct action under the constitution exists, this court will also assume § 1983 as the vehicle for Plaintiff's constitutional claims for purposes of this motion.

**II.     STANDARD OF REVIEW**

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also* Fed. R. Civ. P. 8(a). A plaintiff must provide the grounds of his entitlement, but Rule 8 does not require "detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Conley*, 355 U.S. at 47). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. To succeed on a motion to dismiss under Rule 12(b)(6), therefore, a defendant must demonstrate that plaintiff has failed to give sufficient notice of a proper claim and the grounds upon which that claim rests.

In evaluating a motion to dismiss, the court assumes that all factual allegations set forth in the complaint are true, *see United States v. Gaubert*, 499 U.S. 315, 327 (1991), and construes all factual allegations in the light most favorable to the plaintiff. *Brower v. County of Inyo*, 489 U.S. 593, 598 (1989).

**III.    DISCUSSION**

Defendant argues that *Turquitt v. Jefferson County, Ala.*, 137 F.3d 1285 (11th Cir. 1998) forecloses Plaintiff from making claims against the County under § 1983. The Court of Appeals in *Turquitt* held that an Alabama county cannot be held liable under § 1983 for injuries befalling a county jail inmate arising from the sheriff's management of the jail. The Court explicitly found

that the sheriff – a state officer under Alabama's constitution – has the policymaking authority over county jails, not the County itself. As such, the County would not be the proper § 1983 defendant for claims arising pursuant to the sheriff's authority at the county jail. *See Monell v. Dep't of Social Servs. of New York City*, 436 U.S. 658, 694-95 (1978) (holding that a local government is only liable for its policies or customs that cause constitutional violations); *McMillian v. Monroe County*, 520 U.S. 781 (1997) (noting that, to be held responsible for a particular constitutional harm, a local governmental body must have final policymaking authority over the alleged action).

Plaintiff contends that her claim asserts that the Cooper Green Hospital – a County facility – voluntarily assumed responsibility over the health care of Jefferson County inmates.[2] Plaintiff argues that the County thus became more like a private third party healthcare administrator under contract with the state, which the Court of Appeals has found to be a proper state actor under § 1983. *See Carswell v. Bay County*, 854 F.2d 454 (11th Cir. 1988) ("[A] private physician who is under contract with the state to provide medical care for inmates acts 'under color of state law for purposes of section 1983 when undertaking his duties' to treat an inmate.") (quoting *West v. Akins*, 108 S.Ct. 2258 (1988)); *Ort v. Pinchback*, 786 F.2d 1105, 1107 (11th Cir. 1986). Plaintiff, thus, claims that she is suing Jefferson County not on the basis of its policymaking authority with respect to the jail itself, but on the basis of its policymaking authority over the Cooper Green Hospital, which provides the healthcare services to the jail.

Plaintiff's Complaint, however, does not allege facts sufficient to support such a theory.

---

[2] See Hale & Costa Answer and Cross Claim (Doc. 47) ¶ 3. Dr. Sandral Hullette, director of the Cooper Green Hospital, signed a "Memorandum of Assurance" providing that the Cooper Green would provide medical services within the Jefferson County jail facilities.

In fact, Plaintiff has not alleged any facts that would put Defendant Jefferson County on notice that Plaintiff's claim against it is based on Jefferson County's oversight of the Cooper Green Hospital's provision of healthcare to jail inmates. Plaintiff's Complaint only refers to Defendant Jefferson County in conjunction with the county jail. The Complaint mentions the Cooper Green Hospital only a single time, noting that Plaintiff's child was eventually delivered stillborn there. Nothing in the Complaint would suggest to Jefferson County that Plaintiff was alleging claims against it with respect to the operation of the Cooper Green Hospital. Accordingly, based on the Complaint currently before the court, the County has demonstrated that Plaintiff has failed to give sufficient notice of a claim – and the grounds upon which that claim rests – against the County based on the County's authority over the Cooper Green Hospital.

Additionally, insofar as Plaintiff's claims were related to the County's authority over the jail, the Complaint readily puts Defendant Jefferson County on notice of such a claim. Legally, however, Plaintiff is not entitled to relief against Jefferson County on that claim because *Turquitt* forecloses Plaintiff from suing Jefferson County under § 1983 for injuries befalling a county jail inmate arising from the sheriff's management of the jail. The County thus has demonstrated that Plaintiff's claims based on the County's relationship or authority with the jail are legally insufficient under the law of this Circuit. The County's motion to dismiss Plaintiff's Section 1983 claims against it is hereby GRANTED.

Defendant Jefferson County has not, however, demonstrated that it is entitled to dismissal of Plaintiff's state law claims against it. Defendant has made no effort to show why Plaintiff's state law claims fail to adequately state a claim against Jefferson County. Defendant has not argued that it is not on notice of Plaintiff's state law claims and the grounds on which they rest,

or that they are insufficient as a matter of law.  To the extent that Defendant seeks dismissal of Plaintiff's state law claims on jurisdictional grounds, this court shall assume supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."  28 U.S.C. § 1367.  Plaintiff's state law claims for wrongful death, negligence, negligent infliction of emotional distress, and outrage are part of the same case or controversy as Plaintiff's constitutional claims under § 1983 against the other Defendants – all relate to the circumstances surrounding the death of Plaintiff's unborn baby.   In addition, Defendants Mike Hale, J. Paul Costa, Arlene Chambers, and Brandy Gosha Daniels have all filed cross claims against Jefferson County.  Thus, Defendant Jefferson County's motion to dismiss Plaintiff's state law claims is hereby DENIED.

## IV.   CONCLUSION

For the reasons stated above, the court GRANTS Defendant Jefferson County's motion to dismiss Plaintiff's claims against it under § 1983.  However, the court DENIES the motion as to Plaintiff's state law claims against the County.  Counts I, III, V, and VII, as against Jefferson County only, are hereby DISMISSED without prejudice.  All other claims against Defendant Jefferson County shall proceed.

DONE and ORDERED this 15th day of August, 2007.

_Karon O. Bowdre_
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE